George M. Haley, #1302
Christopher R. Hogle, #7223
Richard D. Flint, # 7525
Ashley A. Peck, #13931
M. Benjamin Machlis, #12585
Jennifer S. Horne, #13750
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Fax: (801) 799-5700
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>   Plaintiffs,<br><br>vs.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a/ WRSCOMPASS, INC.,<br><br>   Defendants. | **PLAINTIFFS' OPPOSITION TO ERM'S MOTION TO COMPEL SALT LAKE CITY TO MAKE INITIAL DISCLOSURES**<br><br>Civil No. 2:11-CV-1174 TS<br><br>Judge Ted Stewart |

Pursuant to D.U.Civ.R. 7-1, Salt Lake City ("City") respectfully submits this

memorandum in opposition to ERM-West, Inc.'s ("ERM") Motion to Compel Salt Lake City to

Make Initial Disclosures.  ERM's motion is improper.  The City has fully complied with its

obligations under Rule 26(a).  Indeed, rather than any inadequacy in the City's damages

disclosure, the thrust of ERM's motion is a flawed argument that ERM should only be liable for a fraction of the damages ERM caused, and the City should therefore disclose *less* damages than it claims.  Rule 26(a)(1)(A)(iii) requires a computation of the "damages ***claimed*** by the disclosing party."  (Emphasis added.)  It does not require disclosure of just the damages a defendant agrees to be responsible for.  ERM's disagreements with the City's claimed damages are out of place in a motion to compel, so the Court should deny it.

## **BACKGROUND**

In 2003, the City hired ERM to manage and coordinate an environmental remediation project mandated by the U.S. Environmental Protection Agency ("EPA").  The EPA issued an Administrative Order on Consent ("AOC") requiring the City, along with the other Plaintiffs, to effectuate the "complete physical removal" of hydrocarbon-impacted sediment from certain segments of the Northwest Oil Drain ("NWOD") canal in the northern part of Salt Lake City.  The AOC made no exception for sediment found in the canal liner or sidewalls.  ERM agreed to manage all aspects of the project and complete all project requirements.  ERM breached its contractual duties.  Sediment was left in the canal up to five feet in depth, and ERM failed to ensure that quality assurance criteria were either met or waived by the EPA.  As a result, the City has had to hire other engineers and contractors to remove sediment from the canal and coordinate with the EPA and State regulators.

The City's damages consist of the lost benefit of its bargain.  Utah law entitles the City to recover its "expectation interest as measured by '(a) the loss in value to him of the other party's performance caused by its failure or deficiency, plus (b) any other loss, including incidental or consequential loss caused by the breach, less (c) any cost or other loss that he has avoided by not

2

having to perform.'"  TruGreen Cos. v. Mower Bros., Inc., 2008 UT 81, ¶ 10, 199 P.3d 929

(quoting Ford v. Am. Express Fin. Advisors, Inc., 2004 UT 70, ¶ 39, 98 P.3d 15).  Thus, under

Utah law, the City is entitled to recover not only costs incurred as a consequence of ERM's

breach, but also the loss in value to the City of ERM's promises that ERM failed to honor.  The

City contracted with ERM to ensure a sediment-free NWOD canal, accepted by the EPA; ERM

failed to deliver; and the City's damages consist of the amount of money necessary to achieve

what ERM promised.

 In its January 14, 2013 initial disclosures and February 13, 2014 supplement, the City

disclosed the only category of damages it seeks:  its expectation interest as measured by the

value of the promises ERM failed to honor.  Plaintiffs' Initial Disclosures, attached hereto as Ex.

A; Plaintiffs' Supplemental Disclosures, attached hereto as Ex. B.  That is, the City disclosed the

amounts the City has itself paid in the re-work done to date and the costs the City has incurred

due to the continuation of the project.  The City also disclosed an estimate of the costs of the re-

work yet to be done, which is based on the City's previously-incurred costs.  The amounts the

City has paid were broken down into seven sub-categories.  The City has paid, or will pay, those

amounts, but those amounts would constitute the City's damages even if it had not paid them.

Again, the City contracted for ERM to ensure a sediment-free NWOD canal acceptable to the

EPA and, under Utah law, the City is entitled to recover from ERM the value of what ERM

failed to deliver.

 The City also produced for inspection and copying the documents on which its damages

are based, including materials bearing on the nature and extent of injuries suffered, as required

by Rule 26(a)(1)(A)(iii).[1]  Plaintiffs' and ERM's counsel have had numerous discussions

regarding Plaintiffs' discovery materials, but ERM's counsel never expressed the slightest

concern over the City's damages disclosure, until ERM hired new counsel this year.

  In its motion, ERM mischaracterizes the City's responses to ERM's supposed efforts to

avoid Court intervention.  According to ERM, the City asserted in a March 26, 2014 letter "that

the City could unilaterally recover all of the damages incurred by any of the Plaintiffs for the

ongoing remediation work being done on the NWOD canal."  That is false.  Rather, the City

asserted that the amounts identified in its initial disclosures are the damages it seeks to recover

from ERM in this case.  See Dkt. 148-2.

  Nor did the City state in a March 28, 2014 e-mail, that "it was entitled to recover all costs

associated with the ongoing project."  Rather, the City asserted:

> The damages that the City seeks to recover from ERM represent the lost benefit of
> the City's contract with ERM.  The City bargained for and paid ERM to ensure a
> sediment-free NWOD canal, and ERM failed to deliver.  The City is entitled to
> recover the monetary equivalent of the lost benefit of its bargain.

Dkt. 148-4.

  ERM also claims that the City has failed to produce any evidence of payment of invoices.

The only time ERM requested such evidence is on its Second Set of Document Requests, served

---

[1] Plaintiffs have previously produced invoices and other documents supporting their computation
of damages.  They are:  WG0000001 – WG0001889; WG0137162 – WG0137226; WG0282286
– WG0282339; WG0282347 – WG0282397; WG0282402 – WG0282636; WG0282640 –
WG0282707.  In reviewing these productions during the preparation of this opposition, Plaintiffs
found a small amount of documents from which their damages computation was derived – 12
invoices – were not included in their production, so they were produced concurrently with this
filing.  They are WG0284649 – WG0284861.  Defendants now have all of the documents used in
the calculation of Plaintiffs' claimed damages, as set forth in the February 13, 2014 supplement
disclosure, were calculated and bates numbers for these documents.

on March 27, 2014.  Attached hereto as Ex. C.  The City's responses to such requests are not due until April 28, 2014.

ERM's motion to compel thus depends on misinforming the Court and recent document requests, to which responses are not yet due.

## <u>ARGUMENT</u>

Rule 26(a)(1)(A)(iii) requires that a party include "a computation of each category of damages *claimed by the disclosing party*."  (Emphasis added.)  "The courts have concluded that, to fulfill the initial disclosure requirement, a party must provide a computation supported by documents."  6-26 <u>Moore's Federal Practice – Civil</u> § 26.22[4][c][i] (2014).

ERM's motion does not seek the disclosure of the damages claimed by the City against ERM, as required by Rule 26(a)(1)(A)(iii).  ERM already has that.  Instead, ERM seeks a legal ruling on its *defenses* to the City's claimed damages.  Specifically, ERM claims that its exposure is limited to a fraction of the damages it caused because, although the City incurred all the costs of the re-work done to cure ERM's breaches, the other Plaintiffs have reimbursed the City for a portion of those costs under the allocation agreement.  <u>See</u> Dkt. 148 at 7 ("the City should be compelled to separately disclose the specific amount of damages that it seeks to recover from ERM, which, by virtue of the allocation agreement, cannot be the full costs of the remediation of the canal.").  ERM's motion fails because (1) Rule 26(a)(1)(A)(iii) does not require the City to disclose just the damages ERM agrees to be responsible for, (2) the initial and supplemental disclosures satisfy the City's obligation under the rule, (3) plaintiffs are not required to submit separate disclosures where the information being disclosed is identical for each, and (4) the City's production of documents supporting its damages complies with Rules 26 and 34.

I.      **THE CITY HAS DISCLOSED THE COMPUTATION OF DAMAGES CLAIMED FOR ERM'S BREACH OF CONTRACT.**

The City's initial and supplemental disclosures calculate the single category of damages that the City claims against ERM.  The calculation is sufficient for ERM to understand the contours of its potential exposure.  Thus, the City's disclosures fulfill the purpose of Rule 26(a)(1)(A)(iii), as ERM's own motion shows.  They focus discovery and preparation to a sufficient extent that ERM is already making a motion, although improper under Rule 37, on its defensive theories regarding the scope and allocation of damages.  See Dkt. 148 at 5.

Unsatisfied with the disclosures required by Rule 26(a)(1)(A)(iii), ERM objects because they include "all costs all three Plaintiffs have incurred for studies and remediation work on the NWOD Canal" and asserts that the disclosures do not adequately "reflect costs the City itself has incurred."  Dkt. 148 at 5-6.  The City's claimed damages consist of the value of the performance that ERM promised but failed to deliver.  A plaintiff is not required to base its claimed damages on the costs the plaintiff has actually incurred to cure a defendant's breach.  Hale v. Big H Const., Inc., 2012 UT App 283, ¶ 23, 288 P.3d 1046 ("'We are aware of no authority . . . that restricts evidence that may be used to prove contract damages to primary documentation of actual cash outlays to workers or suppliers, or [that indicates] that failure to do so results in a failure to present a prima facie case of damages.'" (alteration in original) (quoting Traco Steel Erectors, Inc. v. Control, Inc., 2009 UT 81, ¶ 23, 222 P.3d 1164)).  Moreover, a defendant's disagreement with the amounts claimed as damages is no basis for a motion to compel.  If it were, every defendant would file one, as virtually all defendants dispute owing the damages that plaintiffs claim.

6

ERM's arguments regarding clay liner material, sidewalls, canal reroutes, and claims of "unreliability" are likewise disagreements over the damages the City claims rather than the City's disclosure of them.  The City is not required to disclose its claimed damages in a way that "rules out" elements that a defendant disputes.  ERM's overarching argument is that the scope of the re-work exceeds the scope of what ERM promised.  ERM is wrong.  One of the project requirements that ERM was required to fulfill was complete physical removal of sediment from the canal, regardless of whether the sediment was imbedded in the canal liner or sidewalls.  This is the City's claim, and the City is entitled to seek damages associated with its claim.

In sum, ERM may not seek to limit the City's claimed damages on a motion to compel damages disclosures.  There is no discovery rule that requires a plaintiff to disclose *less* damages than it claims.  The City has disclosed its damages computation, and its disclosure is sufficient enough for ERM to understand it and mount a defense to it, albeit an incorrect one.  The City's disclosure thus satisfies Rule 26.

## II.	THE CITY'S COMPUTATION OF DAMAGES CLAIMED IS SUFFICIENT AND WILL PROPERLY BE SUPPLEMENTED BY EXPERT DISCOVERY.

ERM asserts that the City's damage claim remains a "black box." Dkt. 148 at 8-9 (citing Dynegy Mktg. and Trade v. Multiut Corp., 648 F.3d 506, 514-15 (7th Cir. 2011)).  ERM is incorrect.  The initial disclosures provide a computation of the only category of damages the City claims, broken down into seven sub-categories, which are supported by detailed invoices produced along with the initial and supplemental disclosures.  The level of detail that ERM demands is simply not required by Rule 26(a)(1)(A)(iii).

Courts have held that the scope and detail associated with the obligation to disclose a computation of damages under Rule 26(a)(1)(A)(iii) evolves through the course of discovery,

and a plaintiff may properly provide additional detail in complex cases through submission of an expert report.  See, Silicon Knights, Inc. v. Epic Games Inc., 2012 U.S. Dist. Lexis 63707 at *3 (E.D.N.C. 2012).  Indeed, the very case ERM cites, Dynegy Mktg., defeats its argument that the City's disclosures are insufficiently detailed.  The Seventh Circuit noted that "[counterclaimants] started off discovery on the right foot by providing Dynegy with *rough estimates* of the damages associated with their counterclaims in their original disclosure."  648 F.3d at 514.  The City has provided ERM with much more than a "rough estimate" of its claimed damages, and its damages computation will be further described through an expert report and expert discovery.

## III.   THE CITY IS NOT REQUIRED TO FILE DISCLOSURES SEPARATE FROM THE OTHER PLAINTIFFS.

As Rule 26(a)(1)(A)(iii) requires, the City has provided "a computation of each category of damages claimed by the disclosing party."  Nothing in the rules or case law, including the cases cited by ERM, prohibits plaintiffs from filing joint disclosures, so long as the disclosure provides "a computation of damages claimed by the disclosing party."  Where, as here, the damages claimed against multiple defendants for their distinct contractual breaches are the same – the value of a sediment-free NWOD canal acceptable to the EPA – joint disclosures are appropriate regardless of whether all Plaintiffs maintain a cause of action against all defendants. D. R. Horton, cited by ERM, implicitly recognizes that Rule 26(a) is satisfied with a joint disclosure of damages asserted against multiple defendants in cases where the defendants *contribute the same damages*.  2012 WL 400662 *3 (D. Colo. Feb. 8, 2012) (requirement for a damages disclosure specific to each defendant applicable to "cases involving a number of defendants playing *diverse contributory roles*.") (emphasis added).

8

According to ERM, <u>Roska v. Sneddon</u> holds that "each plaintiff must disclose a 'computation of individual damages.'"  Dkt. 148 at 6 (citing 366 Fed. App'x 930, 942 (10th Cir. 2010)).  The City did disclose a computation of the individual damages it suffered.  Each and every penny of damages disclosed in Plaintiffs' joint disclosures was sustained and suffered to the City, individually.  Those amounts, added up, equal the monetary value of ERM's promises that it failed to fulfill.  If the Court were to grant ERM's motion and require the City to make a damages disclosure separate from the other Plaintiffs' damages, the City's damages disclosure would be identical to the one ERM already has.  The joint disclosures adequately inform ERM of the damages claimed against it and comply with Rule 26(a)(1)(A)(iii).

## IV.     THE CITY HAS PRODUCED DOCUMENTS IN COMPLIANCE WITH RULE 26(a)(1)(A)(iii).

ERM argues that the City's production of documents relating to its damages is non-compliant with Rule 26.  Rule 26(a)(1)(A)(iii) provides that a party must provide "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  The City complied with this requirement.  Although there is no requirement that the City specifically identify, in its initial disclosure documents, the materials that satisfy Rule 26(a)(1)(A)(iii), the City has now done so. <u>See</u> supra footnote 1.  Indeed, in the City's case, virtually all of the documents the City disclosed with its initial disclosures go to the City's claimed damages, "including . . . the nature and extent of injuries suffered."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  The documents were produced as kept in the ordinary course of the City's

business.  In addition, the re-work is ongoing, so the City supplements its document production.

ERM has failed to prove that the City's production of damages is deficient.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request the Court to deny ERM's

Motion to Compel Salt Lake City to Make Initial Disclosures.

DATED this 24th day of April, 2014.

HOLLAND & HART LLP

<u>/s/ Christopher R. Hogle</u>
George M. Haley, #1302
Christopher R. Hogle, #7223
Richard D. Flint, # 7525
Ashley A. Peck, #13931
M. Benjamin Machlis, #12585
Jennifer S. Horne, #13750

Attorneys for Plaintiffs
Salt Lake City Corporation
BP Products North America, Inc.
Chevron U.S.A. Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that April 24, 2014, I have caused to be presented the foregoing to the

Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of

such filing to the following e-mail addresses:

Thomas R. Karrenberg
tkarrenberg@aklawfirm.com
Stephen P. Horvat
shorvat@aklawfirm.com
Anderson & Karrenberg
50 West Broadway, Suite 700
Salt Lake City, UT 84101-2035

Kent B. Scott
kent@babcockscott.com
Justin E. Scott
Justin@babcockscott.com
Jeffrey R. Handy
jeff@babcockscott.com
Babcock Scott & Babcock
505 East 200 South, Suite 300
Salt Lake City, UT 84102

/s/ Christopher R. Hogle

11

## <u>INDEX OF EXHIBITS</u>

A        -        Plaintiffs' Initial Disclosures.

B        -        Plaintiffs' Supplemental Disclosures.

C        -        Second Set of Document Requests.

6817583_1