IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a/ WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO EXCLUDE<br><br>Case No. 2:11-CV-1174 TS |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure and Environment, Inc.'s ("WRS") Motion to Exclude Farmington Bay Contamination Claim, and Defendant ERM-West, Inc.'s ("ERM") Motion to Exclude Farmington Bay Contamination Claim.[1] For the reasons discussed more fully below, the Court will deny Defendants' Motions.

---

[1] Docket Nos. 136, 138.

I. BACKGROUND

This dispute arises from the environmental remediation of hydrocarbon-impacted sediments from a section of the Northwest Oil Drain ("NWOD") Canal. In 2003, Plaintiffs Salt Lake City Corporation (the "City"), BP Products North America, Inc., and Chevron USA, Inc. entered into an Administrative Order on Consent ("AOC") with the Environmental Protection Agency ("EPA") to conduct remediation work on the NWOD Canal. Pursuant to the AOC, Plaintiffs were required to effect complete physical removal of hydrocarbon-impacted sediments from the NWOD Canal. Plaintiffs formed an association called the Northwest Oil Drain Working Group (the "Working Group") to carry out this obligation.

The AOC required that the Working Group designate a project coordinator to be responsible for administration of the actions required under the AOC. In August of 2003, the City entered into an agreement with ERM whereby ERM agreed to fill the role of project manager on the NWOD project. According to the recitals to that agreement, ERM was to: (1) "provide the [Working Group] Project Management Services to oversee the construction phase of the Northwest Oil Drain clean up," (2) "handle all 'daily duties' that are required consistent with the remedial alternative selected," and (3) "assist the Working Group in preparing submittals required in the AOC."[2] "During construction, ERM was to 'manage all daily elements of the implementation' to ensure that all project requirements were met, including the project's ultimate goal of complete physical removal of all hydrocarbon-impacted sediments."[3]

---

[2] Docket No. 85 Ex. 1, at 1.

[3] Docket No. 85, at 6 (quoting Docket No. 85 Ex. 1, at 6).

As project manager, ERM also preselected the bidders and coordinated the bidding process. As a result of the bidding process, Compass was awarded the NWOD project contract. In accepting the contract, Compass agreed to "meet the objectives of the NWOD Working Group by properly managing the removal of the sediment from the NWOD, satisfying all applicable regulating agencies, and facilitating the complete closure of the project for the NWOD Working Group."[4]

In their Second Amended Complaint, Plaintiffs allege that Defendants ERM and Compass breached their respective agreements by failing to remove all hydrocarbon-impacted sediment from the NWOD canal as required by the AOC. Specifically, Plaintiffs allege that ERM and Compass concluded that the removal action was complete and Compass demobilized from the site even though the objectives of the Working Group had not been met because approval had not been received from the EPA.[5]

Plaintiffs allege that as a result of Defendants' failures, they have been required to "engage in a second regulatory process with EPA and [the Utah Division of Environmental Quality] for over more than five years to address necessary remediation of the contaminated sediment that ERM and Compass should have removed during the first removal action."[6] Plaintiffs also allege that, as a result, "Working Group members have incurred significant administrative and other costs in engaging in this second regulatory process."[7]

---

[4] Docket No. 64 Ex. 13, at 1.

[5] *See* Docket No. 85, at 19–20.

[6] *Id.* at 20–21.

[7] *Id.* at 21.

Plaintiffs have indicated in communications with Defendants that they intend to seek to recover—as part of these administrative and other costs that resulted from Defendants' alleged breaches—the continued oversight costs charged to the Working Group by the EPA. The oversight costs charged by the EPA include expenses incurred in investigating potential contamination of the Farmington Bay from work performed by Compass during the remediation process. On February 13, 2014, Plaintiffs supplemented their initial disclosures to include the EPA oversight charges. Plaintiffs also indicated at that time that they "will also seek recovery from ERM and Compass for any downstream remediation work required by the EPA."[8]

## II. DISCUSSION

Defendants move to "exclude Plaintiffs' claim that Farmington Bay has been contaminated due to the sediment removal technology employed on the project because Plaintiffs failed to raise this claim in their Second Amended Complaint" and because "the Farmington Bay claim may not be ripe for judicial review."[9] In their reply memoranda, Defendants characterize their Motions to Exclude as motions in limine, seeking to exclude from consideration at trial a claim that has not been adequately pleaded in Plaintiffs' Second Amended Complaint.

At the outset, the Court would note that the propriety of Defendants' Motions is questionable in light of the posture of this case. At the parties' request, the Court recently entered a modified scheduling order in this case. Pursuant to that order, discovery will not close until May 15, 2015, the dispositive motion deadline is March 5, 2015, and a 15-day jury trial is scheduled for August 10, 2015. Thus, unlike the cases cited by Defendants in their reply

---

[8] *See* Docket No. 141, at 4.
[9] Docket No. 136, at 2.

memoranda, the parties here have well over a year to complete discovery and prepare for trial.[10] Federal Rule of Civil Procedure 15(b) provides for the amendment of pleadings at any time, including during trial and even after judgment has been entered. In light of the fact that the parties are still engaging in discovery, it is unlikely that Defendants could demonstrate any significant prejudice even if the Court were to grant Plaintiff leave to amend at this juncture.

In any event, the Court finds that Defendants' Motions to Exclude fail on the merits. Plaintiffs' Second Amended Complaint alleges that Defendants contracted with Plaintiffs to effect the complete physical removal of all hydrocarbon-impacted sediment from the NWOD canal, pursuant to the requirements of the AOC. Plaintiffs further allege that Defendants failed to do so and thereby breached their respective agreements. As a consequence of that breach, Plaintiffs allege that they have been required to engage in a second regulatory process with EPA which has resulted in additional administrative and other costs. These allegations are sufficient to put Defendants on notice that they may be liable for payment of the costs billed to Plaintiffs as a result of the EPA's continued regulatory process. Such costs could conceivably include potential costs billed by the EPA for evaluating the downstream effects of releases of hydrocarbon-impacted sediment resulting from Defendants' work on the NWOD project.

Defendants also argue that any Farmington Bay claim may not be ripe for judicial review. According to Defendants, "[a]t this point, based on the information provided by Plaintiffs, it appears that the claim is speculative and based on conjecture and either unknown or incomplete

---

[10] *See Sec. & Exch. Comm'n v. Todd*, No. 03CV2230, 2006 WL 5201386, at *1–2 (S.D. Cal. Oct. 17, 2006) (precluding plaintiff from bringing claims raised for first time in trial order because defendant would suffer severe prejudice by amendment at such a late date).

facts."[11]  Defendants appear to object to the ripeness of a claim by Plaintiffs for the removal of hydrocarbon-impacted sediments from Farmington Bay.  Because Plaintiffs have not brought a motion for leave to amend their complaint to bring a claim for removal of hydrocarbon-impacted sediments from Farmington Bay, Defendants' ripeness argument is, quite simply, not ripe.

III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motions to Exclude Farmington Bay Contamination Claim (Docket Nos. 136, 138) are DENIED.

DATED this 30th day of June, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] Docket No. 136, at 9.