# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **SALT LAKE CITY CORPORATION**, a Utah municipal corporation; **BP PRODUCTS NORTH AMERICA INC.**, a Maryland corporation; and **CHEVRON U.S.A. INC.**, a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**ERM-WEST, INC.**, a California corporation; **COMPASS ENVIRONMENTAL, INC.**, a Delaware corporation; and **WRS INFRASTRUCTURE AND ENVIRONMENT, INC.**, a North Carolina corporation, dba **WRSCOMPASS, INC.**,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-1174-TS-PMW<br><br><br><br>**Chief District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

Chief District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) ERM-West, Inc.'s ("ERM") motion to compel Salt Lake City Corporation ("SLCC") to make initial disclosures;[2] (2) ERM's motion for additional interrogatories;[3] and (3) SLCC, BP Products North America Inc., and Chevron U.S.A. Inc.'s (collectively, "Plaintiffs") motion to compel.[4] The court has carefully

---

[1] *See* docket nos. 62, 63.

[2] *See* docket no. 148.

[3] *See* docket no. 149.

[4] *See* docket no. 152.

reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). The court will address the motions in turn.

## I. ERM's Motion to Compel SLCC to Make Initial Disclosures

In this case, Plaintiffs have served joint initial disclosures concerning their damages. In its motion to compel, ERM moves the court to order SLCC to make its own initial disclosures concerning damages. Rule 26 of the Federal Rules of Civil Procedure, requires "a party" to provide initial disclosures to all other parties, including

> a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). ERM contends that each party must provide a "computation as to individual damages." *Roska v. Sneddon*, 366 Fed. App'x 930, 942 (10th Cir. 2010).

This portion of ERM's motion is granted. The court agrees with ERM and concludes that requiring SLCC to provide an individual initial disclosure concerning damages will impose no prejudice on SLCC, especially in light of its admission that any individual initial disclosure concerning damages will be identical to the disclosure that ERM already has. Plaintiffs, including SLCC, are reminded that they initiated this case against the named defendants, including ERM. As such, the court believes that ERM is making a reasonable request to require SLCC to provide its own damages disclosure. SLCC shall provide an individual initial disclosure concerning its damages within thirty (30) days of the date of this order. However, as

noted by SLCC, and as admitted by ERM, SLCC is not restricted as to the damages it chooses to include in its individual initial disclosures.

ERM also moves the court to require SLCC to identify the documents or materials on which its alleged damages are based. With respect to identification of documents, SLCC has indicated in its response to ERM's motion that ERM now has all the documents used in the calculation of SLCC's damages. ERM does not dispute this fact in its reply memorandum. As such, the court is left to conclude that ERM is now satisfied with SLCC's production of documents concerning damages. Accordingly, this portion of ERM's motion is denied as moot.

Finally, ERM moves the court to require SLCC to provide computations of its damages. In their joint initial disclosures, Plaintiffs have simply provided a summary of their alleged damages, broken down into seven categories. However, Plaintiffs have not provided any computation as to how they reached those amounts. SLCC argues, however, that its damages computations will be further described through an expert report and expert discovery.

The court concludes that SLCC's argument is without merit. Rule 26 clearly requires a party to provide in its initial disclosures "a *computation* of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Plaintiffs, including SLCC, have simply not done so in this case. The court will not allow SLCC to wait to disclose those computations until after the expert report deadline. As noted by ERM, allowing SLCC to do so would deprive ERM of its opportunity to conduct a proper investigation of SLCC's damages claims. Accordingly, this portion of ERM's motion is granted. SLCC shall provide an individual initial disclosure of the computation of each category of its damages within thirty (30) days of the date of this order.

## II. ERM's Motion for Additional Interrogatories

In this motion, ERM seeks leave of court to serve up to twenty-five (25) additional interrogatories on SLCC. In this case, the court concludes that ERM current counsel failed to satisfy the meet-and-confer requirement before filing this motion.

In relevant part, civil rule 37-1 of the Rules of Practice for the United States District Court for the District of Utah provides that

> the court will not entertain any discovery motion . . . unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion. Such statement must recite, in addition, the date, time, and place of such consultation and the names of all participating parties or attorneys.

DUCivR 37-1(a).

Prior to filing its motion on April 7, 2014, ERM's counsel sent SLCC's counsel one e-mail, on April 2, 2014, concerning its request for additional interrogatories. According to SLCC's counsel, he responded by e-mail the following day, asking for basic information necessary to evaluate ERM's request. Although ERM's counsel contends that it never received SLCC's counsel's e-mail, it is clear that there were no further discussions among counsel concerning ERM's request. Instead, ERM filed its motion a mere five days after sending its initial e-mail.

Rather than demonstrating additional efforts to resolve the issue without court intervention, ERM simply states in its motion that "because of the time-sensitive nature of these discovery issues," ERM's counsel felt it was best "to file this motion now rather than make

additional attempts at discussing the issue with [SLCC]'s counsel."[5]  In its reply, ERM indicates that it was somehow SLCC's counsel's responsibility to re-send his responsive e-mail or contact ERM's counsel after receiving ERM's motion.  The court disagrees.  Given that it was ERM's request that was at issue, the court believes the responsibility for ensuring that the meet-and-confer requirement was satisfied rested with ERM's counsel, not SLCC's counsel.

In the court's view, the above-referenced efforts by ERM's counsel did not satisfy either the spirit or the letter of the meet-and-confer requirement contained in rule 37-1(a).  For that reason, ERM's motion for additional interrogatories is denied at this time.  If, after further consultation, the parties are unable to agree on whether ERM should be allowed to serve any additional interrogatories, ERM may refile its motion.

### III.  Plaintiffs' Motion to Compel

In this motion, Plaintiffs seek a court order requiring Compass Environmental, Inc. and WRS Infrastructure and Environment dba WRSCompass, Inc. (collectively, "Compass Entities") to provide a complete written answer to Matter Number 29 of Plaintiffs' October 18, 2013 notice of deposition pursuant to rule 30(b)(6) of the Federal Rules of Civil Procedure ("Matter Number 29").  *See* Fed. R. Civ. P. 30(b)(6).  Plaintiffs ask the court to require the Compass Entities to identify the specific documents that support the claims and contentions referenced in Matter Number 29.

Matter Number 29 asked the Compass Entities to designate and prepare a representative to identify:  "Any and all documents of which [the Compass Entities] and [their] attorneys are

---

[5] Docket no. 149 at 6.

aware relating to" a specific set of matters listed in Matter Number 29.[6]  Prior to and during the rule 30(b)(6) deposition of the Compass Entities, there were no objections lodged by the Compass Entities' counsel with respect to Matter Number 29.

At the deposition, the Compass Entities' representative was unprepared to answer questions related to Matter Number 29.  Accordingly, counsel for Plaintiffs and the Compass Entities entered into a stipulation on the record during the deposition.  In relevant part, counsel for Plaintiffs stated that counsel for the Compass Entities would "go back and identify the documents that support the various claims and contentions described in the matter numbers set forth in [Matter] Number 29."[7]  Counsel for the Compass Entities stipulated to that statement.[8]

Later, counsel for the Compass Entities sent a supplemental response to Plaintiffs' rule 30(b)(6) deposition notice, which included objections to Matter Number 29.[9]  The supplemental response also listed forty-five general categories of documents, but did not specifically identify those documents so that they could be located by Plaintiffs.  The supplemental response failed to identify which claims and contentions the various categories of documents supported.

Counsel for Plaintiffs then sent a letter to counsel for the Compass entities, in which Plaintiffs' counsel contended that the objections to Matter Number 29 were untimely and that the identification of only categories of documents made it impossible to Plaintiffs' counsel to reopen

---

[6] Docket no. 152, Exhibit 1.

[7] *Id.*, Exhibit 5.

[8] *See id.*

[9] *See id.*, Exhibit 6.

the rule 30(b)(6) deposition to ask questions related to Matter Number 29.[10] After some communications, counsel were ultimately unable to resolve this dispute.

Plaintiffs then sent a Third Request for Production of Documents to the Compass Entities on November 27, 2013.[11] After some dispute, counsel for the Compass Entities agreed to produce documents responsive to Plaintiffs' Third Request for Production of Documents.[12] On or around March 25, 2014, counsel for the Compass Entities produced documents responsive to some, but not all, of those requests. Counsel for the Compass entities further indicated that he was working on producing additional responsive documents.[13]

In their motion to compel, Plaintiffs contend that (A) the Compass Entities have not complied with the requirements of rule 30(b)(6) or the stipulation entered into during the rule 30(b)(6) deposition concerning Matter Number 29 and (B) the Compass Entities have not provided full responses to Plaintiffs' Third Request for Production of Documents. The court will address those arguments in turn.

### A. Matter Number 29

With respect to the first argument, Plaintiffs assert that the Compass Entities had a duty to have a representative prepared at the rule 30(b)(6) deposition to testify about the documents identified in Matter Number 29. Plaintiffs further argue that, after failing to make a prepared witness available, the Compass Entities should have abided by the stipulation entered into during the deposition, which provided that the Compass Entities would identify documents responsive

---

[10] *See id.*, Exhibit 7.

[11] *See id.*, Exhibit 10.

[12] *See id.*, Exhibit 11.

[13] *See id.*, Exhibits 13, 14.

to Matter Number 29. Finally, Plaintiffs contend that the Compass Entities' objections to Matter Number 29 were untimely and do not excuse their refusal to abide by the stipulation.

In response, the Compass Entities assert that their objections to Matter Number 29, including their objection concerning attorney work product, were timely because they never intentionally relinquished the right to object to Matter Number 29. More specifically, the Compass Entities assert that, at the time they filed their original response to the rule 30(b)(6) notice, they did not know that Plaintiffs were interpreting Matter Number 29 to require the Compass Entities' representative to identify documents by Bates numbers that were responsive to Matter Number 29. The Compass Entities claim that as soon as they learned of that fact, they filed their supplemental response, which contained their objections. The Compass Entities further contend that their supplemental response to Matter Number 29 complies with the stipulation entered into during the rule 30(b)(6) deposition and that more specific identification of documents would be unreasonable and overly burdensome.

For the following reasons, the court agrees with Plaintiffs' arguments and concludes that the Compass Entities' arguments are without merit. First, while the Compass Entities claim that there was some confusion about the interpretation of Matter Number 29, it is clear that they did not have a representative prepared at the rule 30(b)(6) deposition to identify the documents referenced in Matter Number 29. By failing to do so, the Compass Entities failed to comply with rule 30(b)(6), as noted by Plaintiffs.

Second, the court concludes that the Compass Entities' objections to Matter Number 29, including their objection concerning attorney work product, were untimely. It is undisputed that the Compass Entities failed to raise any objections to Matter Number 29 either before or during the rule 30(b)(6) deposition. The court recognizes that there may have been some confusion

8

about the interpretation of Matter Number 29. However, in the court's view, the rule 30(b)(6) deposition transcript makes it clear that counsel ultimately agreed on the interpretation of Matter Number 29 during the deposition. Indeed, Plaintiffs' counsel stated that the Compass Entities' representative did not "have the ability to identify specific documents with respect to some of [the] topics" contained in Matter Number 29 and that counsel for the Compass Entities would "go back and identify the documents that support the various claims and contentions described" in Matter Number 29.[14] Counsel for the Compass Entities stipulated to that statement and failed to raise any objections. As such, counsel for the Compass Entities' had knowledge of Plaintiffs' interpretation of Matter Number 29 during the deposition, yet failed to raise any objections. Those facts belie the contention by the Compass Entities' counsel that he raised his objections as soon as he knew of Plaintiffs' interpretation of Matter Number 29. By failing to raise any objections during the deposition as soon as he had knowledge of Plaintiffs' interpretation of Matter Number 29, *see* Fed. R. Civ. P. 30(c)(2) (providing for objections by a party during a deposition), and then stipulating to provide documents in accordance with that interpretation, the Compass Entities' counsel intentionally relinquished the right to raise objections later. *See, e.g.*, *McCleve Props., LLC v. D. Ray Hult Family Ltd. P'ship*, 307 P.3d 650, 654 (Utah. Ct. App. 2013) (providing that, under Utah law, a waiver requires "an existing right, benefit or advantage"; "knowledge of its existence"; and "an intention to relinquish it" (quotations and citations omitted)).

Finally, the court concludes that the Compass Entities' supplemental response fails to satisfy the stipulation entered into during the rule 30(b)(6) deposition. As noted above, during

---

[14] *Id.*, Exhibit 5.

the deposition, counsel for the Compass Entities stipulated to "go back and identify the documents that support the various claims and contentions described" in Matter Number 29.[15] In the court's view, the Compass Entities supplemental response, which merely identifies categories of documents, is insufficient. Without more specific identification of documents, the court agrees with Plaintiffs contention that it would be nearly impossible for them to reopen the rule 30(b)(6) deposition to ask questions related to Matter Number 29. As for any objections the Compass Entities have now lodged concerning more specific identification of documents, the court concludes, consistent with its determination above, that those objections should have been raised during the rule 30(b)(6) deposition before counsel for the Compass Entities entered into the stipulation.

Based on the foregoing, this portion of Plaintiffs' motion to compel is granted. Within thirty (30) days after the date of this order, the Compass Entities shall identify documents, by Bates numbers, that are responsive to Matter Number 29.

### B. Plaintiffs' Third Request for Production of Documents

Plaintiffs argue that the Compass Entities have not provided full responses to Plaintiffs' Third Request for Production of Documents. In response, the Compass Entities do not dispute that fact. Instead, the Compass Entities claim that on or about March 25, 2014, they provided Plaintiffs with a substantial amount of documents responsive to those requests. The Compass Entities further assert that they are in the process of locating and gathering the remaining responsive documents and will provide them to Plaintiffs. The court recognizes the volume of discovery in this case, and the apparent difficulties counsel for the Compass Entities has

---

[15] *Id.*, Exhibit 5.

experienced in compiling and producing documents. At the same time, the court recognizes that Plaintiffs have waited multiple months for documents responsive to their requests. The court believes that, at some point, a deadline must be imposed. Accordingly, this portion of Plaintiffs' motion is also granted. Within thirty (30) days after the date of this order, the Compass Entities shall provide full responses to Plaintiffs' Third Requests for Production of Documents.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED**:

1. ERM's motion to compel SLCC to make initial disclosures[16] is **GRANTED IN PART AND DENIED IN PART**.

2. ERM's motion for additional interrogatories[17] is **DENIED**.

3. Plaintiffs' motion to compel[18] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 14th day of July, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[16] *See* docket no. 148.

[17] *See* docket no. 149.

[18] *See* docket no. 152.