# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, dba WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:11-cv-1174-TS-PMW<br><br><br><br><br><br><br><br>District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) ERM-West, Inc.'s ("ERM") two motions to compel;[2] (2) ERM's renewed motion for additional interrogatories;[3] (3) Salt Lake City Corporation ("SLCC"), BP Products North America Inc. ("BP"), and Chevron U.S.A. Inc.'s

---

[1] *See* docket nos. 62, 63.

[2] *See* docket nos. 105, 186.

[3] *See* docket no. 179.

("Chevron") (collectively, "Plaintiffs") motion for a protective order;[4] (4) ERM's motion for sanctions;[5] and (5) ERM's motion to amend the case caption.[6]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court will address the motions in the order indicated above.

## ANALYSIS

### I.  ERM's Motions to Compel

In these motions to compel, ERM seeks production of the following two categories of documents from SLCC:  (A) certain documents from the time period 1998-2003 ("1998-2003 Documents")[7] and (B) certain documents that Plaintiffs have designated as privileged ("Privileged Documents").[8]  The court will address those two categories below.  As a final matter on ERM's motions to compel, the court will address (C) ERM's request for an award of reasonable expenses incurred in connection with its second motion to compel.

---

[4] *See* docket no. 195.

[5] *See* docket no. 206.

[6] *See* docket no. 189.

[7] ERM's first motion to compel originally sought documents from a larger time period.  *See* docket no. 105.  However, ERM has indicated in its reply memorandum on that motion that the parties have agreed to limit the time period for the requested documents to the time period of 1998-2003.  *See* docket no. 173 at 2.  Accordingly, the court will address documents from only that time period.

[8] The Privileged Documents are identified specifically in ERM's reply memorandum on its first motion to compel.  *See* docket no. 173.

### A.  1998-2003 Documents

ERM did not become involved with the project at issue in this case until 2003.  Plaintiffs' general position with respect to the 1998-2003 Documents is that they are not relevant because, as their description makes clear, they pre-date ERM's involvement with that project.  ERM argues that the 1998-2003 Documents are relevant because they will demonstrate the information known by Plaintiffs prior to entering into the contract with ERM and the exact obligations ERM undertook to perform when it entered into that contract.  Given that this case involves a breach of contract claim, ERM contends that said information is highly relevant to the claims and defenses in this case.

ERM's motions to compel relate to discovery.  "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery.  Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

In *In re Cooper Tire & Rubber Company*, 568 F.3d 1180 (10th Cir. 2009), the Tenth Circuit clarified that the 2000 Amendments to rule 26 "implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." *Id*. at 1188. The Tenth Circuit further stated that

> when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." This good-cause standard is intended to be flexible. When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be. "[T]he actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."

*Id*. at 1188-89 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1)) (citations and footnote omitted) (alteration in original).

After carefully considering the parties' arguments, the court concludes that the 1998-2003 Documents are relevant to the claims and defenses in this case. Given that this case involves a breach of contract claim, the information known by Plaintiffs prior to entering into the contract with ERM and the exact obligations ERM undertook to perform when it entered into that contract are highly relevant. Furthermore, even if SLCC had been able to persuade the court that the 1998-2003 Documents are not relevant to the claims and defenses in this case, the court would have nevertheless concluded that good cause exists for expanding the scope of discovery in this case to allow discovery of the 1998-2003 Documents because they seek information that

is relevant to the subject matter of this case. *See In re Cooper Tire & Rubber Company*, 568 F.3d at 1188-89.

For those reasons, the portions of ERM's motions to compel seeking production of the 1998-2003 Documents are **GRANTED**. SLCC shall produce the 1998-2003 documents within fourteen (14) days of the date of this order. For any documents that are privileged, SLCC shall provide ERM with an adequate privilege log.

### B. Privileged Documents

The second portion of ERM's motions to compel seeks production of the Privileged Documents. As an alternative request in its first motion to compel, ERM asks the court to conduct an in camera review of the Privileged Documents to determine whether they should be produced. The court has determined that such a review is appropriate. While the parties have briefed the privilege issues well, the court is simply unable to determine, based on the briefing, whether the Privileged Documents should or should not be produced. Accordingly, the portions of ERM's motions to compel concerning the Privileged Documents are **TAKEN UNDER ADVISEMENT**. SLCC shall submit the Privileged Documents to the court within fourteen (14) days of the date of this order. Once the court receives the Privileged Documents, it will conduct an in camera review and then issue a final order concerning whether the Privileged Documents, or any part of them, should be produced.

### C. ERM's Request for Reasonable Expenses

As a final matter on ERM's motions to compel, the court addresses ERM's request for an award of reasonable expenses incurred in connection with its second motion to compel. Pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if a motion to compel is granted "the

court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, that rule also provides, in relevant part, that "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified . . . or . . . other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(a)(5)(A)(ii)-(iii). In this case, the court cannot say that Plaintiffs' positions with respect to the 1998-2003 Documents or the Privileged Documents were not substantially justified. *See* Fed R. Civ. P. 37(a)(5)(A)(ii). Further, the court does not believe that an award of reasonable expenses is justified under the circumstances presented here. *See* Fed R. Civ. P. 37(a)(5)(A)(iii). Consequently, ERM's request for an award of reasonable expenses is **DENIED**.

## II. ERM's Renewed Motion for Additional Interrogatories

In this renewed motion, ERM seeks permission to serve up to an additional twenty (20) interrogatories on SLCC. Pursuant to rule 33(a)(1) of the Federal Rules of Civil Procedure, a party is limited to serving twenty-five (25) interrogatories on any other party. *See* Fed. R. Civ. P. 33(a)(1). However, "[t]he aim [of rule 33(a)(1)] is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device. In many cases it will be appropriate for the court to permit a larger number of interrogatories." Fed. R. Civ. P. 33 Advisory Committee Notes, 1993 Amendments, Subdivision (a).

In its motion, ERM argues that it should be permitted to serve additional interrogatories because this is a complex case and because it cannot efficiently obtain the information through depositions under rule 30(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P.

court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, that rule also provides, in relevant part, that "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified . . . or . . . other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(a)(5)(A)(ii)-(iii). In this case, the court cannot say that Plaintiffs' positions with respect to the 1998-2003 Documents or the Privileged Documents were not substantially justified. *See* Fed R. Civ. P. 37(a)(5)(A)(ii). Further, the court does not believe that an award of reasonable expenses is justified under the circumstances presented here. *See* Fed R. Civ. P. 37(a)(5)(A)(iii). Consequently, ERM's request for an award of reasonable expenses is **DENIED**.

## II.  ERM's Renewed Motion for Additional Interrogatories

In this renewed motion, ERM seeks permission to serve up to an additional twenty (20) interrogatories on SLCC. Pursuant to rule 33(a)(1) of the Federal Rules of Civil Procedure, a party is limited to serving twenty-five (25) interrogatories on any other party. *See* Fed. R. Civ. P. 33(a)(1). However, "[t]he aim [of rule 33(a)(1)] is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device. In many cases it will be appropriate for the court to permit a larger number of interrogatories." Fed. R. Civ. P. 33 Advisory Committee Notes, 1993 Amendments, Subdivision (a).

In its motion, ERM argues that it should be permitted to serve additional interrogatories because this is a complex case and because it cannot efficiently obtain the information through depositions under rule 30(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P.

30(b)(6). In response, SLCC notes that, notwithstanding ERM's argument, ERM is seeking the same information through its proposed additional interrogatories that it is seeking simultaneously through rule 30(b)(6) depositions. Consequently, SLCC argues, ERM should not be allowed to seek that information through both discovery methods because it would be unnecessarily duplicative, expensive, and time-consuming. Finally, SLCC argues that ERM has already obtained much of the information it seeks through its proposed additional interrogatories. In its reply, ERM contends that if it is allowed to serve additional interrogatories, it would not waste time or effort asking duplicative questions during rule 30(b)(6) depositions.

  The parties were allowed additional briefing on this motion. In its sur-response, SLCC indicates that it offered to allow ERM's additional interrogatories if ERM would remove any duplicative topics from its rule 30(b)(6) deposition notices. ERM rejected that offer. In its sur-reply, ERM contends that it should be allowed, to the extent necessary, to ask follow-up questions on any duplicative topics included in its rule 30(b)(6) deposition notices.

  The court agrees with ERM's arguments. In the court's view, allowing ERM to employ additional interrogatories to obtain the information it seeks is a much more efficient and cost-effective method than requiring it to elicit all of that information during rule 30(b)(6) depositions. Further, the court is persuaded that ERM should be allowed, to the extent necessary, to ask follow-up questions on any of the topics contained in its rule 30(b)(6) notices that are also the subject of its proposed additional interrogatories. As for SLCC's argument that ERM may already have some of the information it is seeking through its proposed additional interrogatories, the court concludes that argument is without merit. Notably, SLCC does not

contend that ERM has *all* of the information it seeks through its proposed additional interrogatories.

ERM's renewed motion for additional interrogatories is **GRANTED**. ERM shall be allowed to serve an additional twenty (20) interrogatories on SLCC.

### III.  Plaintiffs' Motion for Protective Order

This motions relates to the rule 30(b)(6) depositions of Plaintiffs. ERM has served rule 30(b)(6) deposition notices on each of the three Plaintiffs. Compass Environmenal, Inc. ("Compass") and WRS Infrastructure and Environment, Inc. dba WRSCompass, Inc. ("WRS")[9] have also served rule 30(b)(6) deposition notices on each of the three Plaintiffs. Multiple matters contained in the deposition notices served by ERM are repeated in substantively similar or identical form in each of the deposition notices. Likewise, multiple matters contained in the deposition notices served by ERM are repeated in substantively similar or identical form in each of the deposition notices. Plaintiffs have designated one individual, Jeff Niermeyer ("Mr. Niermeyer"), to testify on behalf of all three Plaintiffs. Mr. Neirmeyer is an employee of SLCC.

Because Mr. Niermeyer will be the rule 30(b)(6) designee for each of the Plaintiffs, Plaintiffs proposed that Mr. Neirmeyer be allowed to testify on behalf of all three Plaintiffs at one deposition, rather than requiring him to appear at three separate depositions and answer duplicative questions. Plaintiffs further offered to allow Mr. Neirmeyer's rule 30(b)(6) deposition to extend beyond the standard seven hours, given that he would be answering questions on behalf of all three Plaintiffs. Presumably, Mr. Neirmeyer will be able to testify as to

---

[9] In the remainder of this memorandum decision and order, ERM, Compass, and WRS will be referred to collectively as "Defendants."

all matters for SLCC's rule 30(b)(6) depositions given that he is an employee of SLCC.  As for any other matters for BP and Chevron upon which Mr. Niermeyer is unable to testify, Plaintiffs offered to make separate rule 30(b)(6) designations for BP and Chevron.  ERM, Compass, and WRS rejected that proposed plan.  Instead, they have indicated Mr. Niermeyer is required to appear at three separate depositions for each of the three Plaintiffs.

In their motion, Plaintiffs asks for a protective order indicating that Mr. Niermeyer will be allowed to appear for a single rule 30(b)(6) deposition to answer questions on behalf of all three Plaintiffs.  Plaintiffs contend that Mr. Niermeyer should not be required to attend three separate depositions and answer many questions that will be duplicative because it would be inefficient, repetitive, and unduly burdensome.

Rule 26 of the Federal Rules of Civil Procedure, which governs protective orders, provides in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from . . . oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  A protective order issued under that rule may specify "terms, including time and place, for the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1)(B).  Rule 26 also contains a meet-and-confer requirement that must be satisfied prior to filing a motion for a protective order.  *See* Fed. R. Civ. P. 26(c)(1).

In ERM's response to Plaintiffs' motion, in which Compass and WRS join, Defendants argue that Plaintiffs did not satisfy their meet-and-confer obligations prior to filing their motion.  Defendants also argue that the deposition notices requiring Mr. Niermeyer to appear at three separate depositions does not impose any undue burden on Plaintiffs.  Defendants further contend that Plaintiffs' proposed plan would cause disruption and inefficiency.  Finally,

Defendants assert that it is unlikely that Mr. Niermeyer is a proper rule 30(b)(6) designee for either BP or Chevron.

The court concludes that Defendants' arguments are without merit.  First, with respect to the meet-and-confer requirement, the court concludes that its spirit was satisfied in this case.  It is clear that, prior to filing their motion, Plaintiffs communicated their desire to have Mr. Niermeyer appear for a single deposition.  Defendants apparently did not respond to that offer until they indicated to Plaintiffs that Mr. Niermeyer would be required to appear for three separate depositions.  While both parties could have done more to attempt to resolve this dispute prior to the filing of Plaintiffs' motion, it is clear to the court, based on the briefing on this motion, that any such efforts would likely have been futile.  Accordingly, the court will reach the merits of the motion.

Second, the court is unpersuaded by Defendants' argument that requiring Mr. Niermeyer to appear for three separate depositions would not be unduly burdensome.  To the contrary, the court concludes that requiring three separate depositions would neither be efficient nor cost-effective.  If three separate depositions were allowed, Mr. Niermeyer would be forced to answer duplicative questions, which would result in a waste of the parties' time and resources.  The court recognizes that a single deposition may present some difficulties for Defendants.  However, in the court's view, the benefits of a single deposition outweigh those difficulties.

Finally, Defendants' argument that Mr. Niermeyer is likely not a proper rule 30(b)(6) designee for BP or Chevron is premature.  Plaintiffs are permitted make their own decisions concerning rule 30(b)(6) designations.  If, during the rule 30(b)(6) deposition, it appears that Mr.

Niermeyer is not a proper designee for BP or Chevron, Defendants may seek appropriate relief at that time.

Plaintiffs' motion for a protective order is **GRANTED**. Mr. Niermeyer shall be allowed to appear at one rule 30(b)(6) deposition for all three Plaintiffs. That deposition may extend beyond the standard seven hours. With respect to any topics for BP and Chevron upon which Mr. Niermeyer is unable to testify, Plaintiffs may make a separate rule 30(b)(6) designation for BP and Chevron.

### IV. ERM's Motion for Sanctions

This motion relates to the rule 30(b)(6) deposition of SLCC. On September 17, 2014, ERM served its rule 30(b)(6) deposition notice on SLCC, which directed SLCC to appear, through its designee, on October 8, 2014. On September 29, 2014, before the scheduled date for SLCC's rule 30(b)(6) deposition, ERM served its rule 30(b)(6) deposition notices on BP and Chevron. According to SLCC, it was not until then that ERM sought to conduct three separate depositions of Mr. Niermeyer, as discussed above. Also according to SLCC, once it learned of that fact, Plaintiffs promptly filed their motion for a protective order, which was addressed above, on September 29, 2014. Presumably because of the dispute concerning the number of depositions Mr. Niermeyer would be required to attend, and the pending motion for a protective order, SLCC did not appear for its October 8, 2014 rule 30(b)(6) deposition.

In relevant part, rule 37 of the Federal Rules of Civil Procedure provides that the court "may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent-- or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). The court may

11

award various sanctions, but "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

ERM argues that sanctions should be imposed against SLCC for its failure to appear at its rule 30(b)(6) deposition. ERM requests an award of reasonable expenses incurred in connection with SLCC's failure to appear at its rule 30(b)(6) deposition and in connection with the instant motion for sanctions. ERM further argues that Plaintiffs' motion for a protective order did not result in an automatic stay of SLCC's rule 30(b)(6) deposition because said motion was not filed within three business days of the notice of deposition served on SLCC. *See* DUCivR 26-2(b).

The court concludes that ERM's argument concerning civil rule 26-2(b) misses the mark. While Plaintiffs' motion for a protective order may not have qualified for an automatic stay under civil rule 26-2(b), that did not dictate that the deposition was required to go forward. Indeed, rule 37(d)(2) provides that a party's failure to appear at a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). In this case, Plaintiffs' motion for a protective order concerning SLCC's rule 30(b)(6) deposition was pending before the scheduled date of SLCC's deposition.

The court also concludes that SLCC's failure to appear was substantially justified. *See* Fed. R. Civ. P. 37(d)(3). Given Plaintiffs' pending motion for a protective order, there was clearly a dispute about whether Mr. Niermeyer would be required to appear for all three noticed rule 30(b)(6) depositions. Given that the court has granted Plaintiffs' motion for a protective

order, it logically follows that the court views Plaintiffs' position concerning the rule 30(b)(6) depositions as being substantially justified.

For those reasons, ERM's motion for sanctions is **DENIED**.

### V.  ERM's Motion to Amend Case Caption

In this motion, ERM seeks to amend the case caption to indicate that BP and Chevron no longer have claims against ERM.  Based on the fact that BP's and Chevron's claims against ERM in this case have been dismissed, ERM argues that the current case caption is misleading and confusing.  ERM further argues that an amendment to the caption is necessary to protect its legitimate business interests.  ERM contends that the current caption could be utilized by its competitors to gain an unfair competitive advantage.  ERM maintains that its competitors could use this dispute to discredit ERM by showing that ERM currently in a dispute with BP and Chevron, which according to ERM, are two of the biggest purchasers of the type of services provided by ERM.

The court is not persuaded that amending the case caption is either appropriate or necessary.  Notably, ERM provides no binding authority for the unusual proposition that a caption should be amended after dismissal of a party or parties.  Further, in the court's view, ERM's contention that it is not in a current dispute with BP or Chevron is not entirely correct.  As noted by Plaintiffs, although BP's and Chevron's claims against ERM have been dismissed at the district court level, BP and Chevron have indicated that they intend to appeal that ruling.  The court agrees with Plaintiffs' contention that altering the caption under those circumstances could create unnecessary confusion on appeal.  For those reasons, ERM's motion to amend the case caption is **DENIED**.

**CONCLUSION AND ORDER**

In summary, **IT IS HEREBY ORDERED:**

1. ERM's two motions to compel[10] are **GRANTED IN PART** with respect to the 1998-2003 Documents. ERM's two motions to compel are **TAKEN UNDER ADVISEMENT** with respect to the Privileged Documents. ERM's request for an award of reasonable expenses incurred in connection with its second motion to compel is **DENIED**.

2. ERM's renewed motion for additional interrogatories[11] is **GRANTED**.

3. Plaintiffs' motion for a protective order[12] is **GRANTED**.

4. ERM's motion for sanctions[13] is **DENIED**.

5. ERM's motion to amend the case caption[14] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 14th day of November, 2014.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[10] *See* docket nos. 105, 186.

[11] *See* docket no. 179.

[12] *See* docket no. 195.

[13] *See* docket no. 206.

[14] *See* docket no. 189.