# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, dba WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:11-cv-1174-TS-PMW<br><br><br><br>District Judge Ted Stewart<br><br>Magistrate Judge Paul M. Warner |

     District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are the portions of ERM-West, Inc.'s ("ERM") two motions to compel seeking certain documents that Salt Lake City Corporation, BP Products North America Inc., and Chevron U.S.A. Inc. (collectively, "Plaintiffs") have designated as privileged ("Privileged Documents").[2]

---

[1] *See* docket nos. 62, 63.

[2] *See* docket nos. 105, 186.

On November 14, 2014, this court issued a memorandum decision and order, which, among other things, took under advisement the portions of ERM's two motions to compel seeking the Privileged Documents.[3]  In that order, the court directed Plaintiffs to submit the Privileged Documents to the court for an in camera review.  Plaintiffs submitted the Privileged Documents to the court as ordered.  The court has now completed an in camera review of the Privileged Documents and is prepared to rule on the portions ERM's two motions to compel previously taken under advisement.

Plaintiffs contend that the Privileged Documents are protected from disclosure by the attorney-client privilege.[4]

> The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.  Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.

*United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) (quotations and citations omitted).

> The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor.  [T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege, rather, the communication between a lawyer and client must relate to legal advice or strategy sought by the client.
>
> Although this description of the attorney-client privilege suggests the privilege only applies one way, operating to protect

---

[3] *See* docket no. 232.

[4] Plaintiffs also contend that certain of the Privileged Documents are protected from disclosure by the common-interest doctrine.  ERM has presented no arguments concerning Plaintiffs' claims of privilege under that doctrine.  Accordingly, the court will not address that issue here.

> the client's communications to a lawyer, it is generally also recognized that the privilege will protect at least those attorney to client communications which would have a tendency to reveal the confidences of the client.

*In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (quotations and citations omitted) (alteration in original).  The party asserting the attorney-client privilege bears the burden of establishing its applicability.  *See id*. at 1183.

In a diversity case like this one, Utah privilege law controls.  *See Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995); *see also* Fed. R. Evid. 501.  Under Utah law, a party has

> a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications . . . made for the purpose of facilitating the rendition of professional legal services to the client [where] the communications were between [or among] the client and the client's representatives, lawyers, lawyer's representatives, and lawyers representing others in matters of common interest.

Utah R. Evid. 504(b).  Further, in Utah, attorney-client communications can be privileged even if they involve an independent contractor or consultant.  *See* Utah R. Evid. 504 Advisory Committee Note  ("[A] representative of the client who may be an independent contractor, such as an independent accountant, consultant or person providing other services, is a representative of the client . . . if such person has been engaged to provide services reasonably related to the subject matter of the legal services or whose service is necessary to provide such service.").

After conducting an in camera review of the Privileged Documents, the court has determined that they all contain communications "made for the purpose of facilitating the rendition of professional legal services to the client . . . between [or among] the client and the client's representatives, lawyers, lawyer's representatives, and lawyers representing others in

matters of common interest." Utah R. Evid. 504(b). Further, the court concludes that the communications with the consultants contained in the Privileged Documents directly relate to "services reasonably related to the subject matter of the legal services." Utah R. Evid. 504(b) Advisory Committee Note. As such, those communications are covered by the attorney client privilege even though the consultants were involved in them. For those reasons, the court concludes that the Privileged Documents are protected from disclosure by the attorney-client privilege.

The court turns next to ERM's waiver arguments. ERM first argues that Plaintiffs have waived the attorney-client privilege with respect to the Privileged Documents because they have put them "at issue" in this case. *See, e.g.*, *Terry v. Bacon*, 269 P.3d 188, 193 (Utah Ct. App. 2011).

> Generally, when a party places privileged matters at issue in the litigation that party implicitly consents to disclosure of those matters. Communications between the attorney and client are placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication.

*Id*. (quotations and citations omitted).

In response, Plaintiffs argue that ERM has not demonstrated that Plaintiffs' claims for relief are based on privileged communications. The court agrees. ERM has failed to persuade the court that the "at issue" exception to the attorney-client privilege applies here.

ERM next argues that Plaintiffs waived the attorney-client privilege with respect to the Privileged Documents because Plaintiffs have disclosed other documents that contain communications with the consultants who are also included in the communications contained in the Privileged Documents. That argument fails. Plaintiffs contend that they have properly

separated communications that meet the requirements for attorney-client privilege from communications that do not, regardless of whether they included the consultants, attorneys, or anyone else.  The court presumes that said assertion was made in good faith and, consequently, accepts it as true.  Further, if the court were to agree with ERM's argument, it would essentially mean that a party would waive its attorney-client privilege for all communication with counsel that involved a consultant simply by disclosing any communication that counsel had with that consultant, regardless of whether certain of the communications otherwise met the requirements for the attorney-client privilege.

Based on the foregoing, **IT IS HEREBY ORDERED** that the portions of ERM's two motions to compel[5] seeking the Privileged Documents are **DENIED**.  Given that the court has denied ERM's requested relief, it logically follows that ERM's requests for an award of reasonable expenses incurred in connection with requesting that relief are likewise **DENIED**.

**IT IS SO ORDERED**.

DATED this 3rd day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket nos. 105, 186.