IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE LIMITATION OF LIABILITY<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant ERM-West, Inc.'s ("ERM") Motion for Partial Summary Judgment re Limitation of Liability.[1] For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

In 2003, ERM and Salt Lake City Corporation (the "City") agreed to a Professional Services Agreement ("PSA") in which ERM agreed to serve as the project coordinator and perform specific management duties related to removing contaminated sediment from the Northwest Oil Drain ("NWOD"). In its Motion, Defendant seeks limitation of liability from an alleged breach of the PSA by enforcing the PSA's liability waiver.

---

[1] Docket No. 278.

1

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

The PSA provides that ERM will handle all activities that are necessary to meet all the project requirements associated with contaminated sediment removal from the NWOD.[5]  The project requirements include developing and implementing a remediation plan that satisfies regulatory requirements by removing contamination from the NWOD.[6]

The PSA also includes a general waiver of liability, which states:

> The City agrees that [ERM] shall not be liable to the City or any third party[] for the creation or existence of any type of hazardous or toxic waste, material, chemical compound, or substance, or any other type of environmental hazard, contamination, or pollution, whether latent or patent, or the release thereof or the violation of any law or regulation relating thereto, existing at the site of a Project prior to commencement of the performance of services hereunder[.][7]

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] Docket No. 278 Ex. B.

[6] *Id.*

[7] *Id.* at 5.

While the purpose of the PSA was to effectuate the removal of contaminated sediment from the NWOD, ERM argues that it cannot be liable for its alleged failure to do so because of the PSA's liability waiver. "Since the City seeks to recover damages arising from the removal of such pre-existing contamination, for which ERM has been excluded from liability, the City cannot prevail on its claims of breach of contract and breach of implied warranty."[8] "ERM does not contend that it did not undertake certain obligations under the PSA, but simply that the parties agreed that ERM would not be liable for the City's costs in removing the pre-existing hazardous substances from the [NWOD]."[9] This interpretation of the liability waiver would eliminate ERM's responsibility and liability for failure to perform its obligations under the PSA.

"[E]xculpatory agreements are binding so long as they are clear and unequivocal in expressing the parties' agreement to absolve a defendant of liability."[10] "To constitute a clear and unequivocal expression of intent . . . an indemnity agreement need not contain specific language to that effect; rather, the language and purpose of the entire agreement, together with the surrounding facts and circumstances, may provide a sufficiently clear and unequivocal expression of the parties' intent."[11]

Defendant argues that the clear and unequivocal standard only applies to limitations of tort liability and does not apply to limitations of contract liability.[12] In *Russ*, however, the court stated,

---

[8] Docket No. 278, at 11.

[9] Docket No. 352, at 11.

[10] *Ghionis v. Deer Valley Resort Co.*, 839 F. Supp. 789, 792–93 (D. Utah 1993).

[11] *Russ v. Woodside Homes, Inc.*, 905 P.2d 901, 905 (Utah App. 1995).

[12] Docket No. 352, at 3.

> [P]arties may contract to shift potential liability from one party to another. Such indemnity provisions are designed to allocate fairly the risk of loss or injury resulting from a particular venture between parties. Utah courts have held that indemnity agreements, like releases, are valid only if the contract language clearly and unequivocally expresses the parties' intent to indemnify one another.[13]

In the Court's opinion, a contractual provision that shifts any risk of loss resulting from a particular venture between parties is to be applied only if the provision represents the clear and unequivocal intent of the parties' to do so—regardless of the whether the risk of loss is in tort or contract. Thus, in the absence of binding president to the contrary, the Court will apply the clear and unequivocal standard.

After reviewing the language and purpose of the entire PSA, as well as surrounding facts and circumstances, the Court finds ERM's interpretation of the liability waiver cannot have been the intention of both parties at the time the PSA was formed. Therefore, the Court will not enforce the liability waiver in the manner in which Defendant seeks and the Court will deny Defendant's Motion.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 278) is DENIED.

DATED this 14th day of July, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[13] *Russ*, 905 P.2d at 904 (citation omitted).