IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT RE SEGMENT 3(2) COSTS<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant ERM-West, Inc.'s ("ERM") Motion for Partial Summary Judgment re Segment 3(2) Costs and Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure and Environment, Inc. d/b/a WRSCompass, Inc.'s ("WRS") Motion for Partial Summary Judgment for Future Damages.[1]  For the reasons discussed below, the Court will deny Defendants' Motions.

I.  BACKGROUND

Defendants' Motions concern the damages related to the future removal of sediment in a 3000 foot section of the Northwest Oil Drain Canal ("NWOD Canal"), referred to as Segment

---

[1] Docket Nos. 279, 283.

1

3(2). As of the filing of Defendants' Motions, removal work had not begun at Segment 3(2) and is not scheduled to begin until the fall of 2015.[2]

In his initial report, Plaintiffs' damages expert noted that "[t]he remediation project is ongoing and Plaintiffs are currently performing design work for the final segment of the canal—the remainder of Segment 3."[3] While Plaintiffs did "not have reliable estimates for construction costs or estimated quantities to be removed" at that time, Plaintiffs' expert indicated he would supplement his report "as information becomes available."[4]

In response to Defendants' Motions, Plaintiffs have presented the Declaration of Paul Fuglevand. Mr. Fuglevand has provided consulting engineer services on the NWOD project and has served as the Project Coordinator since September 2011. Mr. Fuglevand states that "[t]he Working Group and DOF [Dalton, Olmsted & Fuglevand] have also been coordinating with EPA regarding the remedial approach for Segment 3 Part 2 of the NWOD Canal."[5] Plaintiffs intend to utilize the same bypass/excavation removal method that has been used previously.[6] Mr. Fuglevand estimates "that the Working Group will incur at least $750,000 in additional expenses for the completion of DOF's design and oversight work on Segment 3, as well as fulfilling all final reporting requirements with EPA for the project as a whole."[7] In addition, he estimates that

---

[2] When Defendants' Motions were filed, trial was scheduled to being in August 2015. However, due to a scheduling conflict with other trials, the trial in this matter was rescheduled to February 2016.

[3] Docket No. 279 Ex. C, at 19.

[4] *Id.*

[5] Docket No. 307 ¶ 13.

[6] *Id.* ¶ 16.

[7] *Id.* ¶ 18.

"the construction cost for Segment 3(2) will be no less than $2 million."[8] Relying on this information, Plaintiffs' damages expert has provided an updated damages calculation, estimating Plaintiffs' total damages as $13,997,750.[9]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[11] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[12]

## III. DISCUSSION

The parties agree that damages are an essential element of Plaintiffs' claims. "The fact of damages must be proven with reasonable certainty and the amount by a reasonable though not necessarily precise estimate."[13] "'While the standard for determining the amount of damages is not so exacting as the standard for proving the fact of damages, there still must be evidence that

---

[8] *Id.* ¶ 20.

[9] Docket No. 308 ¶ 4.

[10] Fed. R. Civ. P. 56(a).

[11] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[12] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[13] *Sawyers v. FMA Leasing Co.*, 722 P.2d 773, 774 (Utah 1986).

rises above speculation and provides a reasonable, even though not necessarily precise, estimate of damages.'"[14]

Based upon the evidence presented, the Court finds that there is sufficient evidence to allow Plaintiffs' claims regarding Segment 3(2) to survive summary judgment. Plaintiffs have provided estimates of the amounts required for the remediation of Segment 3(2) and Plaintiffs' damages expert has incorporated those estimates into his calculations. While it is true that Plaintiffs have not presented evidence detailing amounts paid out in relation to Segment 3(2), such exactness is not required.[15]

Defendants contend that the Court should disregard Plaintiffs' evidence, arguing that it is untimely.[16] Even assuming that Plaintiffs' evidence is untimely under Rule 26—as opposed to proper supplementation—exclusion is not required in this instance.

Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Tenth Circuit has identified the following factors in considering whether a violation is justified or harmless: "(1) the prejudice or surprise to the party against

---

[14] *TruGreen Companies, L.L.C. v. Mower Brothers, Inc.*, 199 P.3d 929, 932–33 (Utah 2008) (quoting *Atkin Wright & Miles v. Mountain States, Tel. & Tel. Co.*, 709 P.2d 330, 336 (Utah 1985)).

[15] *Traco Steel Erectors, Inc. v. Comtrol, Inc.*, 222 P.3d 1164, 1170 (Utah 2009) ("We are aware of no authority however that restricts evidence that may be used to prove contract damages to primary documentation of actual cash outlays to workers or suppliers, or that failure to do so results in a failure to present a prima facie case of damages.").

[16] The Court recognizes that various issues concerning Mr. Fuglevand's opinions are at issue in other motions. *See* Docket Nos. 363, 373. Nothing in this Order is meant to indicate or should be taken as indicating an opinion on the issues raised in those motions.

whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[17] Considering these factors, the Court finds that exclusion is not warranted.

First, there is little prejudice or surprise to Defendants. The parties have known that remediation work was ongoing, including the work related to Segment 3(2). Plaintiffs' damages expert made clear that, while he did not have information concerning the damages related to Segment 3(2) at the time his initial report was completed, he would supplement his report as the information became available. Plaintiffs have now provided an estimation of their damages through Mr. Fuglevand and Plaintiffs' damages expert has updated his damages calculation accordingly.

Second, any prejudice can be cured. The deposition of Plaintiffs' damages expert was set to occur on June 4, 2015, and Plaintiffs have indicated that Defendants could examine him concerning the supplemental Segment 3(2) calculations. The Court trusts that Defendants took this opportunity. Should Defendants believe that additional examination of Mr. Fuglevand is required on this issue, they can file a motion with the Court request such relief. Given that the August trial date has been continued, Defendants will have ample time to conduct any necessary additional discovery related to the Segment 3(2) costs.

Third, there is no risk that the introduction of this testimony will disrupt trial. As stated, the August trial date has been continued to February.

---

[17] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Finally, the Court finds no evidence of bad faith or willfulness.  Defendants suggest that Plaintiffs have "altered" their strategy.  However, there is no evidence to support this argument.  Plaintiffs' damages expert made clear that supplementation would be made based on the ongoing remediation efforts.  Further, Plaintiffs' counsel, while opposing re-opening depositions, stated that Plaintiffs would "consider additional fact discovery beyond the cut-off on a case-by-case basis."[18]  While it may have been better to delay the close of discovery until all of the remediation work was completed, the Court cannot fault Plaintiffs in seeking to proceed with this already protracted litigation.  Based upon all of this, the Court finds that exclusion is not warranted.

Finally, Defendants argue that Plaintiffs' expert opinions are not supported by facts and data.  This argument goes to the weight of the evidence and is better left for trial.  It does not provide a basis for summary judgment.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions for Partial Summary Judgment (Docket Nos. 279 and 283) are DENIED.

DATED this 14th day of July, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[18] Docket No. 279 Ex. F.