IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant ERM-West, Inc.'s ("ERM") Motion for Partial Summary Judgment re Statute of Limitations.[1]  For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

In 2003, ERM and Salt Lake City Corporation (the "City") agreed to a Professional Services Agreement ("PSA") in which ERM agreed to serve as the project coordinator and perform specific management duties related to removing contaminated sediment from the Northwest Oil Drain ("NWOD").  In its Motion, Defendant seeks an order that the breach of

---

[1] Docket No. 286.

1

contract and warranty claims as to the City's First and Third Causes of Action in its Second Amended Complaint are barred by the statute of limitations for actions on a written contract.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

Defendant bases its argument on the theory that the NWOD project was divided into various segments and upon completion of a particular segment the statute of limitations began to run as to that segment.

The Court, however, has already rejected the argument that the NWOD project was divided into various segments.[5]  Defendant's argument in its Motion is similar to that which the Court rejected because it relies on the reasoning that the NWOD remediation project was completed in various increments.  Accordingly, in *Brigham Young University v. Paulsen*

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] Docket No. 48, at 10. (To the extent Defendant is seeking reconsideration of the Court's prior ruling, the Court will deny that request.).

*Construction Company*,[6] the Utah Supreme Court adopted the following general rule: "In construction contract cases, an owner's claim of defective construction against a general contractor is generally considered to accrue on the date that construction is completed."[7] The Court has found that *Paulsen* is applicable in this case and that Plaintiffs' claims did not accrue until completion of the NWOD project.[8] Nothing new has been put forward by Defendants that alters this Court's conclusion. Therefore, Plaintiffs' claims began to accrue in December 2006.

For these reasons, the Court will deny Defendants Motion for Summary Judgment and find that the claims before the Court are not barred by the statute of limitations.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 286) is DENIED.

DATED this 14th day of July, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[6] 744 P.2d 1370.

[7] *Id.* at 1373 n.3 (citations omitted).

[8] Docket No. 48, at 9–10.