IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY ON PLAINTIFFS' CLAIMS AGAINST WRS INFRASTRUCTURE<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure and Environment, Inc. d/b/a WRSCompass, Inc.'s ("WRS") Motion for Summary Judgment on Plaintiffs' Claims against WRS.[1]  For the reasons discussed below, the Court will grant in part and deny in part Defendants' Motion.

I.  BACKGROUND

Compass contracted with Salt Lake City Corporation (the "City") to provide remediation services on the Northwest Oil Drain ("NWOD").  In 2007, WRS Holdings Company ("WRS Holdings"), which is the parent company of WRS, purchased Compass.  Defendants represent

---

[1] Docket No. 282.

that WRS Holdings, not WRS, assumed Compass's liabilities.[2]  In their Motion, Defendants seek an order dismissing the claims against WRS with prejudice.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

## III.  DISCUSSION

In response to Defendants' Motion, Plaintiffs argue that WRS should be held liable under the theory of successor liability.  Plaintiffs assert that WRS is indirectly liable to Plaintiffs as Compass's successor and/or alter ego.  Defendants argue that Plaintiffs' claims for successor liability must be pleaded in the complaint to provide proper notice to Defendants.[6]  Additionally, Defendants argue that WRS Holdings, not WRS, assumed Compass's liabilities.  Thus, Defendants contend, WRS cannot be held liable under a theory of successor liability.

---

[2] Docket No. 350, at 9 (citing Docket No. 282 Ex. 3).

[3] Fed. R. Civ. P. 56(a).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6] Docket No. 350, at 12 (citing *NLRB v. I.W.G., Inc.*, 144 F.3d 685, 687–88 (10th Cir. 1998)).

In light of these arguments, the Court will grant Defendants Motion, but not dismiss the claims against WRS with prejudice.  The Court will grant Plaintiffs leave to amend their Second Amended Complaint within fourteen (14) days of this Order to plead its theory of successor liability against WRS and/or name WRS Holdings as a defendant.  Upon receipt of Plaintiffs' amended complaint, the Court will direct the parties to participate in limited discovery, if necessary, to be completed promptly as to not delay the February 29, 2016, trial date.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 282) is GRANTED in part and DENIED in part as set forth herein.

DATED this 14th day of July, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge