IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS ARISING BEFORE APRIL 4, 2006<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure and Environment d/b/a WRSCompass, Inc.'s ("WRS") Motion for Partial Summary Judgment on Claims Arising before April 4, 2006.[1]  For the reasons discussed below, the Court will deny Defendants' Motion.

## I.  BACKGROUND

By April 4, 2006, Compass had completed project design work and began approximately 55 percent of its field work related to the removal of contaminated sediment from the Northwest Oil Drain ("NWOD").  To resolve a separate dispute between Salt Lake City Corporation (the "City") and Compass, the parties agreed to release and waive all claims that were or could have

---

[1] Docket No. 284.

been asserted through April 4, 2006.  Defendants now seek summary judgment as to any of

Plaintiffs' claims that could have been brought prior to April 4, 2006.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In

considering whether a genuine dispute of material fact exists, the Court determines whether a

reasonable jury could return a verdict for the nonmoving party in the face of all the evidence

presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most

favorable to the nonmoving party.[4]

## III.  DISCUSSION

The waiver provision which Compass and the City signed as part of their prior

settlement agreement states, "The City and Compass hereby forever and unconditionally waive

any and all other claims that were or could have been asserted through April 4, 2006."

Defendants argue that this provision prevents Plaintiffs from asserting claims related to the

project design and remediation work of approximately 55 percent of the NWOD length.[5]

Defendants contend that claims related to this work could have been asserted prior to April 4,

2006, because, at that time, the work was completed as to those segments of the project.

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] Docket No. 284, at 13.

The Court, however, has already rejected the argument that the NWOD project was divided into various segments.[6]  Defendants' argument in their Motion is similar to that which the Court rejected previously in which ERM argued it was not acting as a contractor.[7]  Finding that ERM was similar to a contractor, the Court applied the rule set forth in *Brigham Young University v. Paulsen Construction Company*.[8]  Accordingly, in *Paulsen*, the Utah Supreme Court adopted the following general rule: "In construction contract cases, an owner's claim of defective construction against a general contractor is generally considered to accrue on the date that construction is completed."[9]

In this case, Compass was a contractor.  Therefore, applying *Paulsen*, Plaintiffs' claims as to the remediation work could not have been asserted prior to April 4, 2006, because they had not accrued—the field work was only 55 percent complete.  As to the design portion of NWOD project, Plaintiffs could not have known that the design was defective until the design failed to adequately remove all of the contaminated sediment.  Plaintiffs could not have known that Compass failed to adequately remove the contaminated sediment prior to Compass certifying the project as completed.  Therefore, any claims against Compass as to the design portion of the NWOD project could not have been asserted until the project was completed.

For these reasons, the Court finds that the claims before the Court could not have been asserted prior to April 4, 2006, and will deny Defendants' Motion.

---

[6] Docket No. 48, at 10.

[7] *Id.* at 9.

[8] *Id.* at 10; 744 P.2d 1370.

[9] *Id.* at 1373 n.3 (citations omitted).

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Partial Summary Judgment (Docket No. 284) is

DENIED.

DATED this 14th day of July, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge