IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY RE WAIVER FOR LACK OF NOTICE AND OPPORTUNITY TO CURE<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass")

and WRS Infrastructure and Environment, Inc. d/b/a WRSCompass, Inc.'s ("WRS") Motion for

Summary Judgment regarding waiver for lack of notice and opportunity to cure.[1]  For the

reasons discussed below, the Court will deny Defendants' Motion.

## I.  BACKGROUND

In 2004, Compass contracted to provide remediation services on the Northwest Oil Drain.

The basis for Defendants' Motion is that Plaintiffs failed to timely provide Compass and WRS

notice and the opportunity to cure allegedly defective work as required by contract.  Defendants

---

[1] Docket No. 285.

contend that Plaintiffs' failure to provide notice and opportunity to cure constitutes a waiver of Plaintiffs' claims.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

"A waiver is the intentional relinquishment of a known right.  To constitute waiver, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it."[5]

In this case, Defendants argue that because Plaintiffs did not provide Compass an opportunity to cure its allegedly defective work, Plaintiffs have waived their claims pertaining to that work.  The parties dispute whether, under the contract, failure to comply with the notice and

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] *Geisdorf v. Doughty*, 972 P.2d 67, 72 (Utah 1998) (citation and internal quotation marks omitted).

opportunity to cure provisions constitutes an intentional relinquishment of Plaintiffs' right to sue for failure to perform.

Part 13 of the contract is entitled "TESTS AND INSPECTIONS; CORRECTION, REMOVAL OR ACCEPTANCE OF DEFECTIVE WORK."[6]  The notice provision in Part 13 provides, "Prompt notice of all Defective Work of which OWNER [Plaintiffs] or ENGINEER [ERM] have actual knowledge will be given to CONTRACTOR [Compass].  All Defective Work, whether or not in place, may be rejected, corrected or accepted as provided in this Part 13."[7]

Part 13 is silent as to whether failure to provide notice constitutes a waiver of claims against Compass for defective work.[8]  Part 13, however, provides Plaintiffs the opportunity to correct defective work.  It states,

> OWNER [Plaintiffs] may correct and remedy any Work deficiency . . . if CONTRACTOR [Compass] fails after 15 days' written notice of ENGINEER [ERM] to proceed to correct Defective Work or to remove and replace rejected work as required by ENGINEER [ERM] . . . ; or . . . if CONTRACTOR [Compass] fails to perform the Work in accordance with the Contract Documents; or . . . if the CONTRACTOR [Compass] fails to comply with any other provision of the Contract Documents.[9]

Thus, Part 13 specifically grants Plaintiffs a means to correct and remedy defective work if Compass failed to perform the work in accordance with the Contract Documents.[10]  To complete corrective and remedial action, Part 13 provides Plaintiffs the right to exclude Compass

---

[6] Docket No. 285 Ex. 1, at 14.

[7] *Id.*

[8] *Id.*; Docket No. 354, at 47–49.

[9] Docket No. 285 Ex. 1, at 17.

[10] Whether Compass performed defective work is a factual question left to the jury.

from the work site, take possession of all or part of the work, and suspend Compass's work related to the project.[11]

Defendants interpret the contract to mean that failure to provide notice of defective work and an opportunity for Compass to cure constitutes a waiver of claims.  Plaintiffs interpret the contract to mean that failure to provide notice and opportunity to cure does not constitute a waiver because the contract provides Plaintiffs the unilateral right to cure any defective work without providing an opportunity for Compass to cure.

> A contract qualifies as ambiguous if it lends itself to more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies.  A court first must decide whether a contract contains a facial ambiguity arising from the contractual language. The court may consider any relevant and credible evidence of contrary interpretations in making this legal determination.  If the court concludes that the interpretations contended for are reasonably supported by the language of the contract, the contract is ambiguous on its face.  Only then does the question of ambiguity become factual, requiring the court to admit parol evidence of the parties' intentions in order to clarify the ambiguity.[12]

In this case, the interpretations contended are reasonably supported by the language of the contract.  Thus, the contract is ambiguous on its face.  Considering the proffered evidence as to the parties' intentions regarding notice and opportunity to cure, the Court finds that there are genuine factual disputes as to the parties' intentions.  Therefore, the Court will not grant summary judgment based on Defendants' waiver argument.

Defendants also argue that Plaintiffs are equitably estopped from maintaining claims against Compass and WRS because of Plaintiffs' alleged failure to provide notice and

---

[11] *Id.*

[12] *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1109 (10th Cir. 2009) (citations and internal quotation marks omitted).

opportunity to cure.[13]  The basis of Defendants' estoppel argument is that Plaintiffs contracted to

notify Compass of any defective work and Compass reasonably relied on Plaintiffs' lack of

notice to conclude that its work was not defective.  As discussed above, however, there are

genuine issues of material fact as to whether the contract required Plaintiffs to provide Compass

notice and an opportunity to cure.  Therefore, the Court will not grant summary judgment based

on Defendants' estoppel argument.

Therefore, the Court will deny Defendants' Motion for Summary Judgment.

### IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 285) is

DENIED.  The hearing set for August 5, 2015, is stricken.

DATED this 27th day of July, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[13] Docket No. 285, at 20.