IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS COMPASS ENVIRONMENTAL, INC. AND WRS INFRASTRUCTURE'S MOTION IN LIMINE REGARDING EXPERT FEES<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure's ("WRS") Motion in Limine Regarding Expert Fees. Compass and WRS seek an order prohibiting Plaintiffs from attempting to claim expert fees beyond what is allowed by law. Plaintiffs' response to Defendants' Motion was due on December 21, 2015, but Plaintiffs did not file a response.

Defendants' Motion is not ripe. Plaintiffs have not yet sought recovery of expert witness fees and could only do so post-judgment if they are determined to be prevailing parties.[1] Should Plaintiffs be prevailing parties, their ability to recover costs is set out in 28 U.S.C. §§ 1821 and

---

[1] *See* Fed. R. Civ. P. 54(d).

1

1920.[2]  Defendants can make any argument concerning Plaintiffs' ability to recover costs at the appropriate time.

It is therefore

ORDERED that Defendants' Motion in Limine Regarding Expert Fees (Docket No. 410) is DENIED WITHOUT PREJUDICE.

DATED this 11th day of January, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[2] Defendants' Motion incorrectly relies on Utah law.  However, "[i]n a diversity case, federal law controls in regard to the assessment of costs." *Chaparral Res. Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291–92 (10th Cir. 1988).