IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE CERTAIN VIDEO AND PHOTOGRAPHIC EVIDENCE<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure's ("WRS") Motion in Limine to Exclude Certain Video and Photographic Evidence. Defendant ERM-West, Inc. ("ERM") has filed its own Motion, joining in the arguments of Compass and WRS. Defendants seek an order prohibiting Plaintiffs from introducing any video or photographic evidence regarding the specific areas of the canal with more than two feet of sediment. Defendants argue that allowing such evidence would be cumulative and might mislead the jury into believing that these areas are typical for the entire canal. Defendants argue that this evidence should be excluded under Federal Rule of Evidence 403.

1

Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Rule 403 does not protect a party from all prejudice, only unfair prejudice."[1]

Having reviewed the parties' arguments, the Court finds that exclusion of all video and photographic evidence showing areas of the canal with more than two feet of sediment is not appropriate. Such evidence might be helpful to the jury in determining the issues before it and is not needlessly cumulative of other evidence that may be presented. Further, the Court finds that video and photographic evidence showing areas of the canal with more than two feet of sediment is not unfairly prejudicial. Defendants are free to argue that this evidence does not accurately reflect the amount of sediment in the canal during the relevant period, but have not shown that exclusion is required. Objections to specific items of evidence may be made at trial.

It is therefore

ORDERED that Defendants' Motions in Limine to Exclude Certain Video and Photographic Evidence (Docket Nos. 412 and 426) are DENIED.

DATED this 1st day of February, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000).