IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' BANKRUPTCIES<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure's ("WRS") Motion in Limine to Exclude Evidence of Defendants' Bankruptcies. Defendant ERM-West, Inc. ("ERM") has filed its own Motion, seeking to exclude evidence of Defendants' bankruptcies. Defendants seek an order prohibiting Plaintiffs from introducing any evidence regarding WRS's and Compass's bankruptcies. Defendants argue that allowing such evidence is irrelevant, unduly prejudicial, and should be excluded under Federal Rule of Evidence 403.

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 403 states that "[t]he court may exclude relevant

1

evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Rule 403 does not protect a party from all prejudice, only unfair prejudice."[1]

Having reviewed the parties' arguments, the Court finds that evidence of WRS's and Compass's bankruptcies is relevant to Plaintiffs' claims, particularly Plaintiffs' claim for successor liability/alter ego. While Defendants may suffer some prejudice as a result of this evidence, the probative value of the evidence is not substantially outweighed by this potential prejudice. Any prejudice from the introduction of such evidence can be cured by the parties carefully limiting their references to Defendants' bankruptcies and by a proper limiting instruction to the jury.

It is therefore

ORDERED that Defendants' Motions in Limine to Exclude Evidence of Defendants' Bankruptcies (Docket Nos. 407 and 468) are DENIED.

DATED this 1st day of February, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[1] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000).