IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS COMPASS ENVIRONMENTAL, INC. AND WRS INFRASTRUCTURE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF 4-INCH DIAMETER VIBRACORE SAMPLER<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure's ("WRS") Motion in Limine to Exclude Evidence of 4-Inch Diameter Vibracore Sampler. Compass and WRS seek an order prohibiting Plaintiffs from introducing any evidence of the 4-inch diameter vibracore samples taken by Science and Engineering for the Environment ("SEE"). Defendants argue that Compass's contract did not require the use of a 4-inch diameter sampler and that allowing evidence of a 4-inch sampling probe would add a new term to the contract and would impose a higher standard on Compass than what the contract required.

  The basis for Defendants' Motion is unclear. Defendants appear to argue that such evidence is irrelevant and unduly prejudicial. Under Federal Rule of Evidence 401, "[e]vidence

is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Rule 403 does not protect a party from all prejudice, only unfair prejudice."[1]

Evidence of the 4-inch diameter vibracore samples is relevant as it tends to show that Defendants' sampling methods were inadequate, which is relevant to Plaintiffs' claims and helps explain why sediment was allegedly left in the canal.  The relevance of this evidence is not substantially outweighed by the potential prejudice to Compass and WRS.  Compass and WRS are free to argue that such sampling was not required under the contract and, if supported by the evidence, was not the industry standard.

It is therefore

ORDERED that Defendants' Motion in Limine to Exclude Evidence of 4-Inch Diameter Vibracore Sampler (Docket No. 413) is DENIED.

DATED this 3rd day of February, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[1] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000).