IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE TO EXCLUDE PAROL EVIDENCE LEADING UP TO THE 2006 CHANGE ORDER<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Compass Environmental, Inc. ("Compass") and WRS Infrastructure's ("WRS") Motion in Limine to Exclude Parol Evidence Leading up to the 2006 Change Order. Defendant ERM-West, Inc. ("ERM") has filed its own Motion, joining in the arguments of Compass and WRS. Defendants seek an order prohibiting Plaintiffs from introducing any evidence regarding the discussion, correspondence, and negotiations leading up to the 2006 change order. Defendants argue that such evidence is barred by the parol evidence rule.

The parol evidence "rule operates, in the absence of invalidating causes such as fraud or illegality, to exclude evidence of prior or contemporaneous conversations, representations, or

1

statements offered for the purpose of varying or adding to the terms of an integrated contract."[1] The Utah Supreme Court has held that this rule "has a very narrow application."[2]

To the extent that Plaintiffs seek admission of parol evidence to vary or add to the terms of the 2006 change order, such evidence will be excluded. However, to the extent that Plaintiffs seek admission of such evidence for other purposes, it will be admitted. Objections to specific evidence and testimony may be made at trial.

It is therefore

ORDERED that Defendants' Motions in Limine to Exclude Parol Evidence Leading up to the 2006 Change Order (Docket Nos. 416 and 427) are GRANTED IN PART AND DENIED IN PART.

DATED this 5th day of February, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[1] *Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 268 (Utah 1995).

[2] *Union Bank v. Swenson*, 707 P.2d 663, 665 (Utah 1985).