IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ERM'S MOTION TO EXCLUDE PORTIONS OF THE TESTIMONY OF RICHARD HOFFMAN<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant ERM-West, Inc.'s ("ERM") Motion to Exclude Portions of the Testimony of Richard Hoffman. ERM seeks an order excluding portions of the proposed expert testimony of Richard Hoffman. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

Plaintiffs have retained Richard Hoffman as their damages expert. Relevant here is Mr. Hoffman's opinion on "saved costs," those "costs ERM would have incurred during the removal of the additional sediment."[1] In his report, Mr. Hoffman determined this figure "by calculating

---

[1] Docket No. 423 Ex. H, at 16.

1

ERM's fees per cubic yard during the time period which Compass was removing sediment."[2] Mr. Hoffman calculated that ERM billed approximately $9.54 per cubic yard of removed sediment while Compass was performing work.  Mr. Hoffman then applied this figure to the amount of material that was later removed.

In his rebuttal report, Mr. Hoffman provided more information as to how this figure was reached.

> To make this calculation, I considered several options:
> 1) Use the historical average of ERM's monthly charges during months in which construction activities were ongoing when ERM was the Project Manager, and apply that amount to the months in which construction activities were ongoing after ERM ceased its role of Project Manager.  This calculation yielded a $270,962 Reduction for Saved ERM Costs.
> 2) Use the blended hourly rate of ERM employees that were designated by ERM to work on "Task 4 – Construction Management" per the terms of ERM's PSA.  In addition, I used the estimated working hours per day described in ERM's Cost Proposal.  I multiplied the blended hourly rate by 1.5 FTE per working day during the months of Construction.  This calculation yielded a $363,081 Reduction for Saved ERM Costs.
> 3) Use the cost per cubic yard method as described in my Original Report.  This calculation yielded a $547,761 Reduction for Saved ERM Costs.[3]

## II.  DISCUSSION

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[2] *Id.*

[3] Docket No. 424 Ex. K, at 4–5 (footnotes and internal citations omitted).

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*[4] and *Kumho Tire Co., Ltd. v. Carmichael*,[5] the Supreme Court interpreted the requirements of Rule 702.  Under these cases, courts must "act as gatekeepers, admitting only expert testimony that is both reliable and relevant."[6]  "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."[7]

ERM seeks exclusion of Mr. Hoffman's opinions on saved costs, arguing that his opinions are not reliable.  In determining the reliability of expert testimony, there are several nonexclusive factors that the Court may consider, including (1) whether the expert's theory or technique can be and has been tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) the known or potential rate of error of the technique or theory, and (4) the general acceptance of the theory or technique.[8]

The Court agrees that Mr. Hoffman's opinion as to saved cost in his original report is not reliable.  There is simply no basis for Mr. Hoffman's calculation of saved costs based on the amount of material removed.  ERM's payment was not based on the amount of sediment removed.  DOF is not being paid based on the amount of material removed.  Plaintiffs have not provided any basis to suggest that the amount of material removed would be a proper way to

---

[4] 509 U.S. 579 (1993).

[5] 526 U.S. 137 (1999).

[6] *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1086 (10th Cir. 2001).

[7] *Daubert*, 509 U.S. at 592.

[8] *Id.* at 592–94.

calculate the costs ERM would have incurred. Therefore, the Court will exclude evidence and argument concerning this calculation method.

ERM also attacks the two other methods Mr. Hoffman considered in determining saved costs. These methods do not suffer from the same deficiency as the method discussed above. There is at least some basis for those calculations. ERM's arguments go to the weight to be given to those opinions, not their admissibility.[9] ERM can address the alleged flaws in Mr. Hoffman's reasoning through vigorous cross-examination and presentation of contrary evidence.[10]

ERM also argues that Mr. Hoffman's opinions are not reliable because they fail to account for pass-through costs. This argument too goes to the weight to be given to Mr. Hoffman's testimony, not its admissibility, and can be addressed at trial.

ERM further argues that Mr. Hoffman should not be permitted to testify as to "value." The Court has already addressed this issue.[11]

Finally, ERM argues that Mr. Hoffman's opinions would not be helpful to the jury. In considering whether expert testimony will assist the trier of fact, the Court considers a number of factors, including "(1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a

---

[9] *Compton v. Subaru of Am., Inc.*, 82 F.3d 1513, 1518 (10th Cir. 1996) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 663 (11th Cir. 1988)) ("Therefore, 'as long as a logical basis exists for an expert's opinion . . . the weaknesses in the underpinnings of the opinion[] go to the weight and not the admissibility of the testimony.'").

[10] *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

[11] *See* Docket No. 541.

witness's credibility."[12]  Considering these factors, the Court finds that Mr. Hoffman's opinions will help the jury "understand the evidence or to determine a fact in issue."[13]  This is a complex case with complex damages calculations.  While the jurors will likely have the ability to perform some of the same calculations that Mr. Hoffman has made, the Court nevertheless believes that his testimony will be helpful.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant ERM's Motion to Exclude Portions of the Testimony of Richard Hoffman (Docket No. 423) is GRANTED IN PART AND DENIED IN PART.

DATED this 9th day of February, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[12] *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006).

[13] Fed. R. Evid. 702(a).