IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SALT LAKE CITY CORPORATION, a Utah municipal corporation; BP PRODUCTS NORTH AMERICA, INC., a Maryland corporation; and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ERM-WEST, INC., a California corporation; COMPASS ENVIRONMENTAL, INC., a Delaware corporation; and WRS INFRASTRUCTURE AND ENVIRONMENT, INC., a North Carolina corporation, d/b/a WRSCOMPASS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ERM'S MOTION TO EXCLUDE PORTIONS OF THE EXPERT TESTIMONY OF MARK OTTEN<br><br><br>Case No. 2:11-CV-1174 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant ERM-West, Inc.'s ("ERM") Motion to Exclude Portions of the Expert Testimony of Mark Otten. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I. BACKGROUND

Plaintiff Salt Lake City Corporation (the "City") has retained Mark Otten as one of its liability experts. Defendant ERM seeks to exclude certain portions of Mr. Otten's proposed testimony.

II. DISCUSSION

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

1

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*[1] and *Kumho Tire Co., Ltd. v. Carmichael*,[2] the Supreme Court interpreted the requirements of Rule 702. Under these cases, courts must "act as gatekeepers, admitting only expert testimony that is both reliable and relevant."[3] "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."[4]

A.   BEST PROFESSIONAL JUDGMENT AND SKILL

ERM first argues that Mr. Otten should not be allowed to testify that ERM failed to provide services "in accordance with the best professional judgment and skill." Many of the arguments raised by ERM in this Motion have been previously addressed and rejected.[5] The Court will not readdress those arguments here.

ERM further argues that Mr. Otten's opinions are not supported by a proper foundation because the Professional Service Agreement's ("PSA") quality assurance provision requires that "[a]ll services furnished by Engineer or any of its subconsultants shall be performed in accordance with the best professional judgment and skill, in a timely manner and shall be fit and

---

[1] 509 U.S. 579 (1993).

[2] 526 U.S. 137 (1999).

[3] *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1086 (10th Cir. 2001).

[4] *Daubert*, 509 U.S. at 592.

[5] *See* Docket Nos. 536, 555.

2

suitable for the purposes intended by the City."[6] ERM argues that without considering whether ERM's services were "fit and suitable for the purposes intended by the City," Mr. Otten's opinions are inadmissible.

The Court disagrees with ERM's premise that Mr. Otten did not consider whether ERM's services were fit and suitable for the purposes intended by the City. Mr. Otten's Original Report and Rebuttal Report are replete with references to the purposes intended by the City, namely the removal of sediment. While Mr. Otten may not have specifically discussed the purposes intended by the City with a particular individual, ERM has failed to point to anything that would require such a conversation. Therefore, the Court will deny ERM's Motion on this ground.

B.    COST OF BYPASS AND EXCAVATION

ERM also argues that Mr. Otten should not be permitted to testify that it would have been less expensive to have selected a bypass and excavation removal method in 2004. ERM argues that the hydraulic dredge method used by Compass actually saved money.

In both his Original Report and his Rebuttal Report, Mr. Otten disagreed with ERM's position. Specifically, Mr. Otten has opined that "failure to complete the project resulted in increased costs associated with delay, additional costs associated with having to re-do some of the work that was not done correctly in the first place, and increased oversight costs arising after EPA rejected ERM's and Compass' work."[7]

ERM takes issue with the fact that Mr. Otten has not attempted to quantify this amount. However, Mr. Otten is not a damages expert. Therefore, it would not be appropriate for him to

---

[6] Docket No. 420 Ex. E, at 2.
[7] Docket No. 420 Ex. D, at 37.

attempt to make such a calculation. Any failing in Mr. Otten's opinion in this regard is better addressed through cross-examination and presentation of contrary evidence.[8]

C.     WET WEIGHT REPORTING

Mr. Otten has opined that ERM did not meet the standard of care under the PSA with respect to sampling, in part, because sampling concentrations were inaccurately reported on a wet-weight basis. Mr. Otten goes on to state that "[t]he reason it was done was an attempt to artificially lower the results shown in the samples."[9] He concludes by stating that "[r]ather than follow the procedure in the SAP/QAPP, ERM pursued a course of action to (a) artificially lower the reported concentrations in a non-standard, un-approved manner; and (b) attempt to convince EPA to accept results that exceeded the removal action requirements."[10]

ERM argues that this testimony should not be admitted, pointing to evidence it argues shows that the use of wet weight sampling was suggested by Chevron's representative, approved by the City, and acquiesced in by members of the Working Group. This argument goes to the weight of the evidence, not its admissibility, and is better addressed through cross-examination. ERM also argues that it would be improper for Mr. Otten to opine as to what ERM's intentions were in reporting samples on a wet-weight basis. The Court agrees. The jury is fully capable of making this determination and expert testimony would not be helpful.

---

[8] *Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

[9] Docket No. 420 Ex. C, at 41.

[10] *Id.* at 42–43.

D. PROFESSIONAL ENGINEER STAMP

ERM seeks to exclude Mr. Otten's opinion regarding the effect of the use of a professional engineer stamp. Mr. Otten has stated that the use of a professional engineer stamp by David Wilson indicates that Mr. Wilson "had competence in the area and that the plan are complete and final, such that if the plans are followed, a successful project will result."[11] In support of this statement, Mr. Otten cites to provisions of Utah Code[12] and Utah Administrative Code.[13] These provisions, however, do not support the notion that under Utah law affixing a professional engineer's stamp somehow guarantees a successful result. Moreover, any testimony about the effect of a professional engineer stamp would be an impermissible legal conclusion, merely telling the jury what result to reach.[14] Therefore, it will be excluded.

E. OTHER STATEMENTS

Finally, ERM seeks to exclude various statements by Mr. Otten concerning factual matters, contract interpretation, and the interpretation of project documents. The Court is cognizant of ERM's concerns. Mr. Otten's reports are wide-ranging and far-reaching, sometimes rendering it difficult to determine exactly what opinion he is expressing. Mr. Otten can, of course, rely on outside material to develop his opinion consistent with Federal Rule of Evidence 703. However, it would be improper for him to testify as to the interpretation or legal effect of that evidence. Such testimony would usurp the role of the jury in deciding the facts and

[11] *Id.* at 16.

[12] Utah Code Ann. § 58-22-603.

[13] Utah Admin. Code R. 156-22-502; *id.* R. 156-22-601.

[14] *Kearns v. Emerson Elec. Co.*, 817 F.2d 1452, 1459 (10th Cir. 1987).

interfere with the Court's duty to instruct the jury on the law.[15]  Mr. Otten's trial testimony should comport with this guidance.  Objections to specific areas of testimony can be made a trial.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant ERM's Motion to Exclude Portions of the Expert Testimony of Mark Otten (Docket No. 420) is GRANTED IN PART AND DENIED IN PART.

DATED this 10th day of February, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[15] *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993).